**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SETH G.,** | : | |
| | : | **Case No. 2:25-cv-00992** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**OPINION AND ORDER**

This matter is before this Court on Plaintiff Seth G.'s Objection (ECF No. 15) to the Magistrate Judge's July 31, 2026, Report and Recommendation ("R&R"). (ECF No. 14). Upon independent review and for the reasons stated below, the R&R (ECF No. 14) is **ADOPTED**, Plaintiff's Objection (ECF No. 15) is **OVERRULED**, and this Court **DIRECTS** the Clerk of Court to **TERMINATE** this case.

## I. BACKGROUND

On June 8, 2023, Plaintiff Seth G., applied for Supplementary Security Income ("SSI") alleging disability as of June 1, 2018. (ECF No. 7-3 at 130). Plaintiff alleged that his arthritis, ADHD, personality disorder, autism, diabetes, depression, and anxiety caused his disability. (ECF No. 7-5 at 292–97, 329). Plaintiff's application was initially denied on August 14, 2023, and upon reconsideration on November 13, 2023. (ECF No. 7-3 at 130, 151). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 1, 2024. (ECF No. 7-2 at 70–99).

On July 19, 2024, the ALJ issued a decision, finding that Plaintiff does not meet the Social Security Act's definition of disabled. (*Id.* at 31–51).

The ALJ applied the five-step sequential evaluation process outlined in the Social Security Regulations. (ECF No. 7-2, at 35–44); 20 C.F.R. §§ 416.920. Step one (1) considers the applicant's work activity; steps two (2) and three (3) consider the medical severity of the applicant's impairment; step four (4) assesses the applicant's residual function capacity[1] ("RFC") and ability to perform past work; and step five (5) considers the applicant's age, education, past work experience, and RFC in determining if the applicant can perform other work. 20 C.F.R. §§ 416.920(a)(4). The Magistrate Judge summarized the ALJ's determinations as follows:

> Step One: The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2023, the application date. (ECF No. 7-2, at 36).
>
> Step Two: The ALJ found that Plaintiff has the following severe impairments: post-traumatic stress syndrome (PTSD); major depressive disorder; anxiety/panic disorder; autism spectrum disorder; somatic symptom disorder; obesity; hypogonadism; chronic obstructive pulmonary disease (COPD); decreased attentive spells; diabetes mellitus, type II; Pens Planus bilaterally. (*Id.* at 37).
>
> Step Three: The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 37)
>
> Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity as follows:
>
> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR § 416.967(b) except [Plaintiff] can never climb ladders, ropes, or scaffolds. He cannot have concentrated exposure to extreme heat, atmospheric conditions (as defined in the Selected Characteristics of Occupations, SCO). He cannot have exposure to unprotected heights, moving mechanical parts, or perform commercial driving. [Plaintiff] can carry out simple tasks but cannot perform work that requires satisfaction of production quotas or that

[1] "Residual functional capacity" is the most an applicant can do despite their limitations. 20 CFR § 416.845(a)(1).

> involves assembly line pace. He can have occasional interaction with coworkers, supervisors, but no interaction with the general public. Additionally, [Plaintiff] can make simple decisions and deal with occasional changes in a routine work setting explained in advance. He cannot perform tandem work or managerial duties. (*Id.* at 38).
>
> Step Four: The ALJ determined that Plaintiff had no past relevant work. (*Id.* at 43).
>
> Step Five: The ALJ concluded that–when considering Plaintiff's age, education, work experience, RFC, and in reliance on the Vocational Expert's testimony–there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a garment sorter, inspector and nut and bolt assembler. (*Id.* at 43–44).

(ECF No. 14 at 2–3). Accordingly, the ALJ held that Plaintiff was not disabled between June 1, 2023, and July 19, 2024, the date of the decision. (ECF No. 7-2 at 44–45). The Appeals Council denied Plaintiff's request for review on July 2, 2025. (*Id.* at 25).

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the [magistrate judge's] recommended disposition.").

Judicial review of the ALJ's decision requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether

the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F.Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If the ALJ's decision is supported by substantial evidence, then "this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quotation omitted).

An ALJ's failure to apply the correct legal criteria, including appropriate rules and regulations, will result in a reversal even if the decision is otherwise supported by the evidence in the record. *Id.* at 407; *see also Bowen v. Comm'r of Soc. Sec.,* 741 F.3d 708, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)). Failure to follow the legal requirements "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakley*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

## III. LAW AND ANALYSIS

Plaintiff urges this Court to reject the Magistrate Judge's R&R, reverse the claim, and award benefits. (ECF No. 15 at 4). Plaintiff contends that the adequacy of the ALJ's consideration of the supportability and consistency factors as it relates to weighing the opinion of one of Plaintiff's mental health providers, Nurse Practitioner, Shannon Scott, PMHNP. (*Id.* at 2). First, Plaintiff argues that the "ALJ was selective in what evidence she considered as supportive or unsupportive of Scott's opinion." (*Id.* at 3). Second, Plaintiff argues that the ALJ failed to address properly how Ms. Scott's opinion on his limitations was inconsistent with the longitudinal record. The Magistrate Judge found that the ALJ applied the correct legal criteria in denying Plaintiff's

SSI application. (ECF No. 14 at 13). Plaintiff accordingly objects to the Magistrate Judge's recommendation that the denial of benefits be affirmed. (ECF No. 15 at 2). This Court, reviewing the issue *de novo*, finds that the Magistrate Judge properly found that the ALJ applied the correct legal criteria, and his determinations were supported by substantial evidence.

At an administrative law judge hearing, the ALJ is responsible for assessing RFC. 20 C.F.R. § 404.1546(c). This assessment must be "based on all the relevant evidence" in the applicant's case record. 20 C.F.R. § 404.1545(a). There are five categories of such evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from non-medical sources; and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.93(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weigh, to any medical opinion(s) or prior administrative finding(s) including those from [the applicant's] medical sources." 20 CFR § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) supportability; (2) consistency; (3) relationship with claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). The factors of supportability and consistency are the most important and ALJ's must explain how they were considered *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). However, the ALJ need not specifically use the terms "supportability" or "consistency" in their analysis. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021) (Graham, J.).

First, Plaintiff argues that the ALJ's decision failed to evaluate Ms. Scott's opinion for supportability. (ECF No. 15 at 3). This argument is unpersuasive. An ALJ's supportability

analysis addresses the justifications for a medical opinion. *Crystal E.J. v. Comm'r of Soc. Sec.*, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920(c)(1). Therefore, in order for Ms. Scott's opinion to meet the standard for supportability, it must be grounded in sufficiently objective support. *See Michael R. v. Comm'r of Soc. Sec.*, 2024 WL 688754 (S.D. Ohio 2024) (Marbley, J.).

The ALJ's finding that the "residual functional capacity assessment [was] supported by the objective medical evidence in the record," despite Ms. Scott's conclusion to the contrary, applied the correct legal criteria and was supported by substantial evidence. (ECF No. 7-2 at 43). While comparing Ms. Scott's treatment notes and opinions to other medical evidence in the record, the ALJ recognized "objective examination findings have frequently showed no significant abnormality, including being cooperative, despite his allegations of social anxiety." (ECF No. 7-2 at 41). The ALJ balanced Ms. Scott's opinions against objective "physical/mental examinations" noting that while "some examinations show depression, anxiety … many show no or little abnormality." (*Id.*). Additionally, the ALJ engaged deeply with the objective mental status exams of Plaintiff, including those conducted by Ms. Scott, which showed "full orientation; appropriate affect; appropriate insight/judgment, logical thought process, normal cognition, average intelligence, and a euthymic mood." (*Id. citing* Exs. 8F-68, 82–83; 10F-4-5, 10-12, 23-25; 15F-6-7; 14F-8). Plaintiff objects that the ALJ was "selective in what evidence she considered as supportive or unsupportive of Ms. Scott's opinion;" however, is it appropriate to use the treatment notes of a medical service provider to undermine their own conclusions. (ECF No. 15 at 3); *See Hardy* at *3 (discounting a doctor's conclusions of plaintiff's limitations based on information in

that doctor's own reports and observations); *Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 584 (6th Cir. 2010) (finding the ALJ appropriately rejected medical conclusions on the basis that the doctor's own treatment notes do not support their opinion). Thus, substantial evidence supports the ALJ's determination, and the Magistrate Judge did not err in holding that the ALJ appropriately considered the supportability of Ms. Scott's opinion.

Second, Plaintiff argues that the ALJ failed to address adequately the consistency of Ms. Scott's opinion with the whole record. In this context, "the more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920(c)(2).

The ALJ sufficiently discussed the inconsistencies between Ms. Scott's opinion and the overall record. Beyond the comparisons between Ms. Scott's opinion and other objective medical records, the ALJ also found inconsistencies between Plaintiff's daily activities and his conservative treatment history with Ms. Scott's opinion. While Ms. Scott finds Plaintiff has marked mental limitations, indicating high anxiety that affects social situations; however, this "is inconsistent with the claimant's activities, which include being able to go grocery shopping and to the public library on a regular basis." (ECF No. 7-2 at 43). Additionally, the ALJ notes that the "marked mental limitations are inconsistent with the claimant's longitudinal health record, showing less psychological restrictions, given his conservative treatment…." (*Id.*). While Plaintiff has undergone evaluations, the ALJ described his treatment as "highly conservative" given Plaintiff's alleged impairments. (*Id.* at 42). Thus, the ALJ conducted a sufficient consistency analysis given the comparisons of Ms. Scott's opinion to other medical opinions, Plaintiff's daily activities, and Plaintiff's conservative treatment history.

In sum, the ALJ applied the correct legal standard when assessing Ms. Scott's opinion, including a sufficient supportability and consistency analysis supported by substantial evidence. Consequently, the Magistrate Judge did not err in their Report and Recommendation and must be **ADOPTED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 15) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**



**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 28, 2026**